UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

        Plaintiff,

v.                                  Case No. 3:26-cv-894-MMH-SJH

LT JAMES BRYANT LINGOLB,
et al.,

        Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Mark Eugene Hatcher, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing an unsigned document titled, "1983 Claim Evidence," in which complains about various perceived violations of law at Florida State Prison (Doc. 1). He thereafter filed a Complaint pursuant to 42 U.S.C. § 1983 (Complaint; Doc. 2), asserting the following facts: on March 31, 2026, Defendants Lingolb and Bennet placed him on 72-hour property restriction and "put [him] on a starvation diet called management meal"; Defendant Miller has deprived him of a "proper bedroll" (i.e., bedding) since his property restriction ended; on an unspecified date, Defendant Burnett wrote him a disciplinary report and "put [him] on a starvation diet"; on February 19, 2026, Defendant English sprayed another

inmate "aggressively to death," and Defendant Harden, who witnessed Defendant English's actions, helped English "cover up his tracks"; on April 15, 2026, Defendant Rentals refused to give Hatcher a pair of boxer shorts; and on March 31, 2026, and April 17, 2026, Defendants Aikin and Priest, respectively, deprived him of clothes and bedding. See Complaint at 6–15. In setting forth his "injuries," Hatcher also asserts that he was "beat[en] up by correctional officers." Id. at 13.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.[1]

---

[1] Hatcher has not paid the filing fee, which the Court understands to mean he seeks to proceed in forma pauperis.

This Court takes judicial notice of other actions previously brought by Hatcher that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:23-cv-1302-HES-LLL (M.D. Fla.) (failure to state a claim); (2) 3:24-cv-1017-MMH-SJH (M.D. Fla.) (failure to state a claim); and (3) 3:25-cv-1098-WWB-MCR (M.D. Fla.) (failure to state a claim).[2] Because Hatcher has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Hatcher may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     This case is hereby **DISMISSED without prejudice**.

---

[2] This Court has designated Hatcher a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See 3:26-cv-220-WWB-LLL (M.D. Fla. Feb. 5, 2026).

3

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Mark Eugene Hatcher

4